IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL ERIC COBBLE PETITIONER

V. No. 14-02175

CITY OF CLARKSVILLE, and
JOHN DOE RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 2) filed August 11, 2014 under 28 U.S.C. Section 2241. No service was authorized.

## I. Background

I appears that the Petitioner was arrested in Johnson County, Arkansas in 2001 but the nature was not set forth in the Petition. According to the Petitioner he was "never convicted" and "beat all charges". (ECF No. 2, p. 1). The court obtained the records from the Johnson County Clerk's office which shows that the Petition was convicted in Johnson County Municipal court of Resisting Arrest, Reckless Driving, and Battery in the Third Degree. The Petitioner appealed his convictions to the Johnson County Circuit court in May 2001. In November 2001 an order of Nolle Prosequi was entered on all counts. The Petitioner is currently held in the Hancock State Prison, Sparta, Georgia, but the nature of his imprisonment there is unknown to the court.

## II. Discussion

The Petitioner filed the current Petition (ECF No. 2) on August 11, 2014. He specifically

obliterated the form reference to 2254 and hand inserted that his petition was pursuant to 28 U.S.C. § 2241. (Id., p. 1).

Section 2241 provides that;

"(c) The writ of habeas corpus shall not extend to a prisoner unless--

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States" See 28 U.S.C. § 2241.

In this case the Petitioner is not in the custody of the Federal Government but is in state custody in the State of Georgia. He does not contest the custody of the State of Georgia and by his own pleading he is not in the custody of the State of Arkansas and appears to have been released on his charges in 2001 and never convicted of an offense in Arkansas. There is no basis for an action under 28 U.S.C. §2241

In addition to lacking jurisdiction the Western District of Arkansas would not be the proper venue for the Petitioner's 2241 claim. A defendant filing a 2241 petition must be in custody and must file his petition "in either the district where he is confined...or in any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). 28 U.S.C. § 2241(c)(1)-(4). As pointed out the Petitioner is in custody in Georgia not Arkansas and there is no regional office in the Western District of Arkansas.

In the section of the form for asserting grounds the Petitioner list four grounds. His

handwriting is difficult to decipher but he appears to allege that his arrest cost him money (ECF No. 2, p. 5-7) and that Arkansas had no jurisdiction to arrest him. (Id., pp. 8-10). To the extent that the Petitioner is seeking money damages from the City of Clarksville that action should have been pursued under a §1983 claim not a claim for habeas relief.

Even if the court considered the Petitioner's claim to be a claim under 1983 rather than 2241 it would be time barred. The three-year limitations period contained in Arkansas's general personal-injury statute applies to § 1983 actions. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir.1992). Since the Petitioner's claim arose in 2001 any asserted 1983 claim would be well outside the limitations period.

## III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2241 be dismissed with prejudice.

**The petitioner has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The petitioner is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this September 10, 2014

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE