IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL ERIC COBBLE                                                                    PETITIONER

v.                                    Case No. 2:14-CV-02175

CITY OF CLARKSVILLE; and JOHN DOE                                      RESPONDENTS

**O R D E R**

The Court has received proposed findings and recommendations (Doc. 7) from Chief United States Magistrate Judge James R. Marschewski.[1] The Court has conducted a careful review of the findings and recommendations and of the objections (Doc. 8) filed by Petitioner Daniel Eric Cobble.

The Magistrate found, based on Mr. Cobble's petition, that Mr. Cobble was not contesting his current custody in the State of Georgia. Mr. Cobble clarifies in his objections that he is, in fact, challenging his custody in Georgia, stating the "whole point of this Arkansas habeas is challenging my illegal custody in Georgia due to Arkansas is one [sic] who is supposed to have custody of me." (Doc. 8, p.2). Regardless of the fact that Mr. Cobble claims that Arkansas should have custody of him, it is now clear that he is challenging his current custody in Georgia. Therefore, the Court adopts the Magistrate's alternative finding that this 28 U.S.C. § 2241 action is not properly filed in this Court. *United States v. Chappel*, 208 F.3d 1069, 1070 (8th Cir. 2000) (jurisdiction for action under 28 U.S.C. § 2241 lies in the district where a petitioner is confined or in any district in which the BOP maintains a regional office).

Furthermore, in the event this action may be construed as a habeas petition under 18 U.S.C. § 2254, Mr. Cobble has previously sought habeas relief in the Northern District of Georgia

---

[1] Judge Marschewski is now retired and on recall status, but was Chief Magistrate at the time the report was entered.

unsuccessfully. *Cobble v. Donald*, No. 1:06-CV-2487 (N.D. Ga. May 14, 2009); *Cobble v. Owens*, No. 1:13-CV-04096 (N.D. Ga. Mar. 28, 2014). Mr. Cobble has not obtained the necessary authorization from the appropriate court of appeals for consideration of a successive petition or shown that any exception to the rule barring successive petitions applies. *See* 28 U.S.C. § 2244.

To the extent Mr. Cobble seeks relief pursuant to 42 U.S.C. § 1983 or any other federal statute, Mr. Cobble has already raised those claims in a separate action, and such claims are barred by the "three strikes rule," 28 U.S.C. § 1915(g), as Mr. Cobble has at least three previous actions that qualify as strikes against him, and he has not alleged that he is currently under imminent danger of serious physical injury. *See Cobble v. City of Clarksville*, No. 2:14-CV-02183 (W.D. Ark. Nov. 3, 2014) (citing 4 previously dismissed actions counting as strikes).

IT IS THEREFORE ORDERED that the report and recommendation (Doc. 11) is ADOPTED with the following exceptions: the Court finds that Mr. Cobble has clarified he is challenging his confinement in Georgia; the Court finds Mr. Cobble's claims should be dismissed without prejudice.

IT IS FURTHER ORDERED that Mr. Cobble's petition is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction as to any claims asserted pursuant to 28 U.S.C. §§ 2241 or 2254.

IT IS FURTHER ORDERED that any claims that might be construed pursuant to 42 U.S.C. § 1983 or any other federal statute are DISMISSED WITHOUT PREJUDICE pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

Judgment will be entered accordingly.

IT IS SO ORDERED this 5th day of February, 2015.

*s/P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE