IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL ERIC COBBLE                                                         PLAINTIFF

V.                                No. 14-2175

CITY of CLARKSVILLE, and
JOHN DOE                                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Reverse (ECF No. 14), Motion for Certificate of Appealability (ECF No. 15), and Motion for Leave to Appeal in forma pauperis (ECF No. 16).

### I. Background:

The Petitioner filed a Petition under 28 U.S.C. §2241 on August 14, 2014. A Report and Recommendation was entered on September 10, 2014 finding that if the Petition was considered under 2241 it was filed in the wrong jurisdiction, and if the Petition were considered under 28 U.S.C. §2254 or under 48 U.S.C. §1983 it was time barred because the complained of activity took place in 2001[1].

The court entered an Order (ECF No. 11) on February 5, 2015 adopting the Report and Recommendation and entered Judgment (ECF No. 12) dismissing the claim. The Petitioner filed the current motions on February 18, 2015 and they are without merit.

### II. Discussion

**A. Motion to Reverse (ECF No. 14)**

The Petitioner first claims that the court Judgment dismissing his claim should be

---

[1] The Petitioner has also filed an action under 42 U.S.C. §1983 in case 2:14-cv-2183 which was also dismissed on February 5, 2015.

reversed. The Petitioner's statements in his motion are impossible to follow. The court has reviewed the Georgia Prison records which reflect that the Petitioner is incarcerated in the Georgia Prison system from Wilcox and Cobb county Georgia on charges of Obstructing a Law Enforcement Officer, Aggravated Stalking, Terrorist Threats and Acts and Criminal Interference with Government Property. There does not appear to be any detainer on the Petitioner from the State of Arkansas and as stated in the Report and Recommendation the charge that the Petitioner was arrested on in 2001 in Arkansas was ultimately dismissed.

 The Petitioner has stated no new facts that would justify the court reversing the Judgment of Dismissal.

**B.  Motion for Certificate of Appealability (ECF No. 15)**.

The factors to consider when determining if a certificate of appealabiltiy should be issued are as follows:  1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted. Slack, 529 U.S. at 484–85, 120 S.Ct. 1595. *Khaimov v. Crist*  297 F.3d 783, 786 (C.A.8 (Minn.),2002).

In this case the claim of illegal arrest accrued in 2001 and is clearly defaulted and beyond the limitations period, and, therefore, no certificate of appealabiltiy should be granted. Even if the claim was not procedurally defaulted it is wholly without merit.

**C.  Motion to Appeal IFP (ECF No. 16).**

The Petitioner has filed an Affidavit in Support of his Motion to Appeal IFP (ECF No. 16) which clearly demonstrates that he is indigent but since the recommendation is that no

Certificate of Appealability be issued and since the Petitioner has previously filed at least three previous actions that qualify as strikes against him under §1915(g) his request to proceed IFP should be denied.

### III.  Conclusion

Based on the above, I recommend that the Motion to Reverse (**ECF No. 14**), Motion for Certificate of Appealability (**ECF No. 15**), and Motion to Proceed IFP (**ECF No. 16**) be **DENIED.**

**The Petitioner has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Petitioner is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED February 19, 2015.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE